Emil Davtyan, Esq. (#299363)
Gregg Lander, Esq. (#194018)
Vanessa Ruggles, Esq. (#254031)
DAVTYAN LAW FIRM
1635 Pontius Avenue, Floor 2
Los Angeles, CA 90025-3361
Tel.: (424) 320-6420 / Fax: (424) 320-6454
Email: Emil@davtyanlaw.com
Email: Gregg@davtyanlaw.com

Attorneys for Plaintiff JOSE ARCEO,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOSE ARCEO, on behalf of himself and all others similarly situated,<br><br>　　Plaintiffs,<br><br>　v.<br><br>ARDENT MILLS, LLC, a Colorado limited liability company; and DOES 1 to 10, inclusive,<br><br>　　Defendants. | **CLASS ACTION**<br><br>Case No. 5:23-cv-01146-AB-E<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**<br><br>**Motion to Remand Hearing:**<br>Date: August 11, 2023<br>Time: 10:00 a.m.<br><br>Honorable Andre Birotte Jr.<br>Courtroom: 7B<br><br>Action filed: March 3, 2023<br>Trial Date: None Set |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..............................................................................................1

II. ANALYSIS .......................................................................................................2

    A. Defendant cites an incorrect standard for determining a motion to remand. ..........................................................2

    B. Defendant failed to plausibly allege its citizenship. ...........................3

    C. Defendant still does not support its assumed amount in controversy for the off-the-clock claim by any evidence. ............6

    D. Defendant still does not support its assertion of a 100% violation rate for Plaintiff's rest period claim. .................................................6

    E. Defendant's new inclusion of an amount in controversy for Plaintiff's PAGA claim is improper and based on non-recoverable amounts. ................................................................7

        1. Defendant may not oppose the Motion to Remand on any basis not included in the Notice of Removal. .....................8

        2. The amount in controversy does not include penalties that are legally impossible for Plaintiff to recover. .......................8

        3. Defendant includes penalties for "subsequent violations" but no evidence that it has been cited for initial violations. ........10

        4. Defendant improperly includes LWDA's 75% share of penalties. ..........................................................................11

        5. The maximum includable PAGA penalties equal $375. ..............11

    F. Defendant fails to support its inclusion of attorneys' fees in the amount in controversy. ......................................................................12

III. CONCLUSION ...............................................................................................14

# TABLE OF AUTHORITIES

**Page**

**State Cases**

*Amaral v. Cintas Corp.*
   No. 2, 163 Cal. App. 4th 1157 (2008) ...................................................... 10

*Esparza v. Safeway, Inc.,*
   36 Cal.App.5th 42 (2019) .......................................................................... 9

**Federal Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................... 3

*Berkshire Life Ins. Co. of Am. V. Medina,*
   No. CV 21-9070 PA (KSX), 2022 WL 16894499
   (C.D. Cal. Apr. 27, 2022) .......................................................................... 5

*Bockrath v. Apartment Inv. & Mgmt. Co.,*
   No. CV2004179CJCPJWX, 2020 WL 3469265
   (C.D. Cal. June 25, 2020) ........................................................................ 13

*Bradford v. Mitchell Bros. Truck Lines,*
   217 F. Supp. 525 (N.D. Cal. 1963) ............................................................ 3

*Brady v. Mercedes-Benz USA, Inc.,*
   243 F.Supp.2d 1004 (N.D. Cal. 2002) ....................................................... 9

*Canela v. Costco Wholesale Corp.,*
   971 F.3d 845 (9th Cir. 2020) ................................................................... 13

*Courtois v. Shellpoint Mortg. Servicing, LLC,*
   No. CV 20-4095 PA (PVCX), 2020 WL 13586024
   (C.D. Cal. May 26, 2020) .......................................................................... 5

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
   574 U.S. 81 (2014) ..................................................................................... 3

*De Leon v. Aurora Loan Servs.,*
   No. CV 09-8389-JFW CTX, 2009 WL 5065254
   (C.D. Cal. Dec. 15, 2009) .......................................................................... 4

*Evers v. La- Z-Boy Inc.,*
   No. 21CV2100-LL-BLM, 2022 WL 2966301
   (S.D. Cal. July 27, 2022) ........................................................................... 7

- ii -

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**

**Federal Cases – Continued**

*Flores v. Marriott Resorts Hosp. Corp.*,
  No. CV188012JVSJPRX, 2019 WL 1069528
  (C.D. Cal. Jan. 7, 2019) ..................................................................................9

*Garcia v. FCA US, LLC*,
  No. 1:16-cv-00730-DAD-BAM, 2016 WL 4445337
  (E.D. Cal. Aug. 24, 2016) ..............................................................................9

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ..........................................................................2

*Gibson v. Chrysler Corp.*,
  261 F.3d 927 (9th Cir. 2001) ........................................................................12

*Isom v. Marg*,
  No. 2:14-CV-4355-SVW, 2014 WL 3546532
  (C.D. Cal. July 17, 2014) ...............................................................................5

*Kanter v. Warner-Lambert Co.*, ................................................................... 3, 12
  265 F.3d 853 (9th Cir. 2001)

*Lewis v. Verizon Communications, Inc.*,
  627 F.3d 395 (9th Cir.2010) ...........................................................................8

*Magee v. Iconix Waterworks (US) Inc.*,
  No. 2:20-CV-00840-KJM-DB, 2020 WL 4188607
  (E.D. Cal. July 21, 2020) .............................................................................12

*Markarian v. BMW of N. Am., LLC*,
  No. 221CV09209FLAPVCX, 2022 WL 16531959
  (C.D. Cal. Oct. 28, 2022) ............................................................................3, 4

*McDonald v. Karkanen*,
  No. 18-CV-06992-EDL, 2018 WL 6981058
  (N.D. Cal. Nov. 29, 2018) ..............................................................................4

*Mohammed v. Am. Airlines, Inc.*,
  No. 5:19-CV-01540-EJD, 2019 WL 5887105
  (N.D. Cal. Nov. 12, 2019) ..............................................................................8

*NewGen, LLC v. Safe Cig, LLC*,
  840 F.3d 606 (9th Cir. 2016) ..........................................................................4

*O'Halloran v. Univ. of Washington*,
  856 F.2d 1375 (9th Cir. 1988) .....................................................................5, 8

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO REMAND TO STATE COURT**

**Federal Cases – Continued**

*Perez v. WinnCompanies,*
No. 14-cv-01497, 2014 WL 5823064 (E.D.Cal. 2014) .............................. 13

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,*
374 F.3d 1020 (11th Cir. 2004) ................................................................ 4

*Sanchez v. Russell Sigler, Inc.,*
No. CV1501350ABPLAX, 2015 WL 12765359
(C.D. Cal. Apr. 28, 2015) ........................................................................ 14

*Snell v. Cleveland, Inc.,*
316 F.3d 822 (9th Cir. 2002) .................................................................... 4

*Snow v. United Parcel Serv., Inc.,*
No. EDCV20025PSGAFMX, 2020 WL 1638250
(C.D. Cal. Apr. 1, 2020) ........................................................................ 10

*Spivey v. Vertrue, Inc.,*
528 F.3d 982 (7th Cir.2008) .................................................................... 8

*St. Paul Mercury Indem. Co. v. Red Cab Co.,*
303 U.S. 283 (1938) ................................................................................ 2

*Steenhuyse v. UBS Fin. Servs., Inc.,*
317 F.Supp. 3d 1062 (N.D. Cal. 2018) ............................................. 10, 11

*Swans v. Fieldworks, LLC,*
No. 222CV07250SPGMRW, 2023 WL 196918
(C.D. Cal. Jan. 17, 2023) ....................................................................... 13

*Sys. Design Sols. Inc. v. Watch Sys. LLC,*
No. CV 09-6871PA PJWX, 2009 WL 3245813
(C.D. Cal. Oct. 7, 2009) ................................................................. 3, 4, 5

*United States v. Henderson,*
998 F.3d 1071 (9th Cir. 2021) ................................................................ 13

*Urbino v. Orkin Servs. Of California, Inc.,*
726 F.3d 1118 (9th Cir. 2013) ................................................................ 11

*Visajnam v. Benihana Nat'l Corp.,*
2015 WL 11089753, (C.D. Cal. July 9, 2015) ........................................ 13

*Willis v. Xerox Bus. Servs., LLC,*
No. 1:13-CV-01353-LJO, 2013 WL 6053831
(E.D. Cal. Nov. 15, 2013) ...................................................................... 11

**Statutes**

California Code of Civil Procedure § 340 ....................................................... 9, 10

California Labor Code § 218.5 .............................................................................. 12

California Labor Code § 226 ................................................................................. 13

California Labor Code § 2699 ......................................................................... 11, 13

California Labor Code §1194 ................................................................................ 13

**Rules**

Federal Rule of Civil Procedure Rule 8(a) ............................................................. 3

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**

# REPLY

## I. INTRODUCTION

Defendant Ardent Mills, LLC, removed this action from state court, asserting this Court has diversity jurisdiction. However, Defendant's Notice of Removal is fatally deficient because Defendant fails to allege its citizenship. Further, Defendant's calculations of the amount in controversy rest on factually and legally flawed premises and speculation.

First, in the Notice of Removal, Defendant failed to allege the citizenship of its members, which is required to establish diversity for a limited liability company. Although Defendant now attempts to cure this deficiency, the 30-day deadline for removal has passed, and Defendant cannot amend the notice to provide this information. Because Defendant's Notice of Removal fails to plausibly allege diversity, this case must be remanded.

Second, for Plaintiff's off-the-clock claim, Defendant fails to submit evidence that contradicts Plaintiff's declaration establishing the amount in controversy for this claim. Instead, Defendant relies on the Complaint, but the cited portions thereof do not support Defendant's arguments.

Similarly, for Plaintiff's rest period claim, Defendant fails to provide any evidence of a 100% violations rate in Opposition to the Motion to Remand, relying on the same speculation as its Notice of Removal.

Importantly, Defendant now attempts to bolster the amount in controversy by adding in penalties under the Private Attorneys General Act ("PAGA"). Defendant's inclusion of these penalties is improper for several reasons. First, Defendant cannot now rely on a basis for jurisdiction not pleaded in its Notice of Removal. Second, Defendant includes in the amount in controversy four years' worth of penalties when the applicable statute of limitations is only one year. Similarly, Defendant includes four years of penalties when the most violations Plaintiff could have suffered during the limitations period is six. Third, Defendant

- 1 -

includes increased penalty rates for subsequent violations without evidence that such a heightened rate should be applied. Finally, Defendant improperly includes the LWDA's 75% of the PAGA penalties in addition to Plaintiff's portion. Considering these clear flaws in Defendant's calculations, instead of the $167,750.00 in PAGA penalties asserted by Defendant, the correct amount of recoverable PAGA penalties under the Labor Code section analyzed by Defendant[1] is $375.

Finally, Defendant's Opposition fails to include any evidence or authority to support the amount of attorneys' fees it asserts.

In sum, this case must be remanded because Defendant fails to meet its burden to show, by a preponderance of the evidence, that this Court has jurisdiction.

## II. ANALYSIS

### A. Defendant cites an incorrect standard for determining a motion to remand.

Defendant claims that Plaintiff "must prove to a 'legal certainty' that it is impossible to recover more than $75,000." Opp. 2:13-14 (ECF 12). This is wrong.

"[I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal.... A different situation is presented in the case of a suit instituted in a state court and thence removed. **There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court** or that the parties have colluded to that end." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–290 (1938) (emphasis added); *Gaus v. Miles,*

---

[1] Defendant also includes "PAGA Penalties (others)" for $33,500.00 in its summary of the amount in controversy. Opp. 15:3 (ECF 12). However, Defendant provides no analysis or explanation what this item is. Accordingly, it should be disregarded.

- 2 -

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**

*Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

In other words, Defendant's assertion that Plaintiff must prove the amount in controversy to a "legal certainty" would apply only if Plaintiff originally brought his complaint in federal court. However, here, because Defendant is the proponent of federal court jurisdiction, it is the party that bears the burden to prove the amount in controversy. *Gaus,* 980 F.2d at 567 ("the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount"). Because Defendant has failed to carry its burden to overcome the strong presumption against removal jurisdiction, this case must be remanded to state court.

**B. Defendant fails to plausibly allege its citizenship.**

Under Federal Rule of Civil Procedure Rule 8(a), a notice of removal must allege "plausible" grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 87 (2014). A notice of removal has facial plausibility when the removing party pleads factual content that allows the court to draw the reasonable inference that it has jurisdiction. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Defendant has failed to plausibly state grounds for removal as it does not allege its citizenship in the Notice of Removal. The facts, as presented by Defendant, do not allow the Court to draw the reasonable inference that it has jurisdiction because they do not state the citizenship of Defendant's LLC members.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001*)*; *Bradford v. Mitchell Bros. Truck Lines,* 217 F. Supp. 525, 527 (N.D. Cal. 1963). Where a removing LLC defendant fails to allege the citizenship of its members in its notice of removal, the case must be remanded for lack of jurisdiction. *Sys. Design Sols. Inc. v. Watch Sys. LLC,* No. CV 09-6871PA PJWX,

- 3 -

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**

2009 WL 3245813, at *1 (C.D. Cal. Oct. 7, 2009) (remanding case where "Defendant had not properly alleged its own citizenship, having failed to allege the citizenship of its owners/members"). **"This failure, alone, establishes sufficient grounds to remand the action."** *Markarian v. BMW of N. Am., LLC*, No. 221CV09209FLAPVCX, 2022 WL 16531959, at *3 (C.D. Cal. Oct. 28, 2022) (emphasis added).

As noted in Plaintiff's Motion to Remand, to properly allege diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016). Defendant alleges it is an LLC but fails to allege the citizenship of its members. As a result, Defendant's allegations related to its citizenship are insufficient to invoke this Court's diversity jurisdiction.

Defendant attempts to distinguish *McDonald v. Karkanen*, No. 18-CV-06992-EDL, 2018 WL 6981058, at *2 (N.D. Cal. Nov. 29, 2018) by noting that, in that case, the notice of removal contained no citizenship allegations. However, this is a distinction without a difference. Whether the citizenship allegations are absent, as in *McDonald,* or inapplicable to a party, as here, the point is that the case must be remanded for failure to include plausible allegations regarding diversity. See, e.g., *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (defendant failed to carry its burden of establishing diversity of citizenship where its notice of removal did not list the citizenship of all the members of a limited liability company); *Markarian,* 2022 WL 16531959, at *3 (remanding case where defendant failed to include citizenship of all LLC members in notice of removal); *Sys. Design Sols. Inc.,* 2009 WL 3245813, at *1 (same); *De Leon v. Aurora Loan Servs.,* No. CV 09-8389-JFW CTX, 2009 WL 5065254, at *1 (C.D. Cal. Dec. 15, 2009) (same).

Although Defendant does not seek leave to do so, Defendant also argues that it can amend its allegations to add a new basis for diversity jurisdiction after the

- 4 -

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**

30-day period. However, Defendant fails to cite any support for this proposition that involved removal jurisdiction. Instead, Defendant cites only cases where the plaintiff originally filed in federal court but failed to adequately plead diversity. See *Snell v. Cleveland, Inc.,* 316 F.3d 822, 824 (9th Cir. 2002) ("the complaint inadequately alleged the facts necessary to establish diversity jurisdiction"); *Berkshire Life Ins. Co. of Am. v. Medina,* No. CV 21-9070 PA (KSX), 2022 WL 16894499, at *1 (C.D. Cal. Apr. 27, 2022) (granting leave to amend where third-party complaint "failed to sufficiently allege a basis for federal subject matter jurisdiction"); *Courtois v. Shellpoint Mortg. Servicing, LLC,* No. CV 20-4095 PA (PVCX), 2020 WL 13586024, at *3 (C.D. Cal. May 26, 2020) (granting leave to amend where complaint failed to allege citizenship of defendant). These cases are inapplicable because there is no 30-day deadline for original diversity jurisdiction like there is for removal jurisdiction.

Instead, because removal must be effected by a defendant within 30 days after receiving a copy of the complaint, after 30 days, a removal petition cannot be substantively amended. *O'Halloran v. Univ. of Washington,* 856 F.2d 1375, 1381 (9th Cir. 1988). For example, in *Sys. Design Sols. Inc.*, 2009 WL 3245813, at *1, the removing defendant, an LLC, failed to allege the citizenship of its members. Accordingly, the court remanded the action sua sponte. *Id.* The LLC defendant removed the action a second time, amending its removal petition to properly allege its citizenship. *Id.* In again remanding the action, the court noted that "the only new fact alleged in Defendant's Notice of Removal is the citizenship of its owners/members, which was known to Defendant at the time of its first removal, and is not alleged to have changed since then." *Id.*

Likewise, here, the citizenship of Defendant's members was known to it at the time of its removal. Allowing Defendant to amend its allegations would defeat the purpose of the 30-day time limit, which prevents defendants from removing cases on questionable substantive grounds and substituting their stronger

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO REMAND TO STATE COURT**

arguments later, and spares plaintiffs the burden of having to suddenly respond to a jurisdictional argument to which the notice of removal did not in fact put them on notice. *Isom v. Marg,* No. 2:14-CV-4355-SVW, 2014 WL 3546532, at *3 (C.D. Cal. July 17, 2014). Just like in *Sys. Design*, Defendant cannot cure its deficient allegations in its Notice of Removal past the 30-day deadline.

In sum, Defendant's Notice of Removal is facially implausible because it fails to allege Defendant's citizenship. Because Defendant cannot now amend its Notice of Removal past the 30-day deadline, nor has it asked for leave to do so, Plaintiff's Motion to Remand must be granted.

**C. Defendant still does not support its assumed amount in controversy for the off-the-clock claim by any evidence.**

The Complaint pleads a cause of action for unpaid wages for off-the-clock work for donning and doffing. In support of his Motion to Remand, Plaintiff submitted a declaration that he worked approximately ten to twenty minutes of unpaid wages two to three days per week, for a total of, at most, sixty minutes per week, and a total amount in controversy of $4,642.68. Without any evidence of its own, Defendant disputes Plaintiff's declaration.

Defendant instead argues that the Court should assume, contrary to Plaintiff's evidence, that Plaintiff suffered unpaid wages for 130 minutes every week. Opp. 8:20-22 (ECF 12). Defendant bases these assertions on Plaintiff's Complaint, but the Complaint does not allege that Plaintiff suffered unpaid wages "each" day as Defendant contends. FAC ¶ 40.a (ECF 1-2). The Complaint also does not specify that Plaintiff spent time donning and doffing while off-the-clock every day as Defendant contends. FAC ¶ 40.b. (ECF 1-2). Accordingly, Defendant's assumptions are unsupported by the Complaint or any evidence and must be disregarded.

///

///

- 6 -
**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**

### D. Defendant still does not support its assertion of a 100% violation rate for Plaintiff's rest period claim.

Defendant's Opposition is devoid of any facts to support a 100% violation rate for rest break premiums and provides no legal authority to refute the case law cited in Plaintiff's motion. Instead, Defendant quotes portions of Plaintiff's FAC to allege that Defendant *never* provided a legally-compliant rest period. To the contrary, the Complaint states that, as a result of Defendant's policy, "the members of the On Duty Rest Period Class were discouraged from taking legally-compliant breaks." FAC ¶ 91 (ECF 1-2). To be clear, Plaintiff has not alleged that Defendant's policy prevented employees from ever taking a rest period; rather, Plaintiff alleges that Defendant's policy encourages "the skipping of legally protected breaks." FAC ¶ 94 (ECF 1-2). Thus, Defendant's use of the 100% violation rate is not supported by facts or law.

As addressed in Plaintiff's Motion to Remand, the language of the Complaint, i.e., "As a matter of Defendants' established company policy, Defendants failed to always authorize and permit all required rest periods," supports an assumed rate of 20%. See *Evers v. La-Z-Boy Inc.*, No. 21CV2100-LL-BLM, 2022 WL 2966301, at *5 (S.D. Cal. July 27, 2022) ("Where allegations instead allege systematic, regular, or consistent violations, it is reasonable to assume one violation per week, or a 20% violation rate.").

As such, the correct calculation of the amount in controversy for Plaintiff's rest period claim is approximately $3,714.48 as Plaintiff calculated in his Motion to Remand.

### E. Defendant's new inclusion of an amount in controversy for Plaintiff's PAGA claim is improper and based on non-recoverable amounts.

Defendant's inclusion of PAGA penalties in the amount in controversy is improper for several reasons. First, Defendant may not include an additional basis for removal that was not alleged in the Notice of Removal. Second, Defendant

- 7 -

inexplicably includes penalties not only for a period of time outside of Plaintiff's employment, but also beyond the applicable statute of limitations. Three, Defendant includes penalties applicable to subsequent violations but provides no evidence that it has been cited for initial violations. Finally, Defendant improperly includes the LWDA's 75% share of PAGA penalties in Plaintiff's individual damages. In sum, Defendant's new basis for the amount in controversy must be disregarded.

> 1. *Defendant may not oppose the Motion to Remand on any basis not included in the Notice of Removal.*

Defendant has identified additional bases for removal that were not alleged in its Notice of Removal. This is improper as Defendant may not include additional claims to attempt to reach the amount in controversy threshold in its Opposition to Plaintiff's Motion. *O'Halloran v. Univ. of Washington,* 856 F.2d 1375, 1381 (9th Cir. 1988); *Mohammed v. Am. Airlines, Inc.,* No. 5:19-CV-01540-EJD, 2019 WL 5887105, at *5 (N.D. Cal. Nov. 12, 2019) (declining to consider new calculation of amount in controversy based on additional causes of action that were not included in the defendant's notice of removal).

Defendant's Notice of Removal does not allege that the amount in controversy is met by including PAGA penalties. Despite this, Defendant now asserts that it may "amend the pleadings to add sufficient facts to clarify the amount in controversy." Opp. 11:16-18 (ECF 12). Notably, however, Defendant does not seek leave to amend its Notice of Removal. Further, allowing Defendant to amend its allegations at this juncture would defeat the purpose of the removal time limit by encouraging defendants to file notices of removal that lack substance and to fail to provide notice of the basis for removal.

Accordingly, Defendant's inclusion of PAGA penalties in its attempt to reach the amount in controversy threshold is improper and such penalties must be disregarded.

- 8 -

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**

> 2. *The amount in controversy does not include penalties that are legally impossible for Plaintiff to recover.*

Defendant's inclusion of PAGA penalties in the amount in controversy is also improper because it is based on amounts that are "legally impossible" for the plaintiff to recover. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399 (9th Cir.2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir.2008)). The amount in controversy includes only those amounts that a plaintiff could legally recover. *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002) ("The amount in controversy for diversity jurisdiction may include punitive damages *if recoverable under state law*," emphasis added). "Courts[,] as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." *Garcia v. FCA US, LLC,* No. 1:16-cv-00730-DAD-BAM, 2016 WL 4445337, at 4 (E.D. Cal. Aug. 24, 2016).

Here, Defendant includes PAGA penalties for the period of March 3, 2019, through May 25, 2022. Opp. 12:24-25. It is legally impossible for Plaintiff to recover penalties for this period of time for two related reasons.

First, the statute of limitations under PAGA is one year. Cal. Code Civ. Proc. § 340(a); *Esparza v. Safeway, Inc.*, 36 Cal.App.5th 42, 59 (2019). Plaintiff filed his Complaint (and LWDA Notice) on March 3, 2023. Accordingly, the applicable limitations period goes back to March 3, 2022, not March 3, 2019, as Defendant asserts. It is legally impossible for Plaintiff to recover penalties beyond the one-year statute of limitations and, as such, the extra three years' worth of penalties cannot be included in the amount in controversy.

To support its position, Defendant relies entirely on one case, *Flores v. Marriott Resorts Hosp. Corp.*, No. CV188012JVSJPRX, 2019 WL 1069528, at *4 (C.D. Cal. Jan. 7, 2019), and simply copies and pastes the cases cited therein. Defendant cites *Flores* for the proposition that an affirmative defense (e.g., the statute of limitations) does not affect the amount in controversy.

- 9 -
**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO REMAND TO STATE COURT**

However, crucially, Defendant fails to include the first sentence of the paragraph it copied from *Flores*, which states, "affirmative defenses **that have not been asserted at the time of removal** are not relevant for calculating the amount in controversy for removal purposes." *Id.* Unlike the defendant in *Flores*, here, Defendant asserted an affirmative defense based on the one-year statute of limitation prescribed by Code of Civil Procedure § 340(a). Answer ¶ 3 (ECF 1-3). Thus, the one-year statute of limitation is in fact relevant for purposes of calculating the amount in controversy for removal purposes.

Second, Plaintiff worked, at most, six pay periods during the limitations period. The limitations period reaches back to March 3, 2022, and Plaintiff's employment with Defendant ended on May 25, 2022. Penalties can be assessed only for pay periods in which a violation occurred. See *Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157, 1209 (2008) ("Each time an employer fails to pay its employee in accordance with the specified Labor Code provision, a penalty will result."). Accordingly, the amount in controversy can include only six pay periods, not 168 pay periods.

In sum, Defendant's inclusion of four years of civil penalties under PAGA in the amount in controversy is improper because the majority of these penalties are not recoverable under applicable state law.

   3. *Defendant includes penalties for "subsequent violations" but no evidence that it has been cited for initial violations.*

Defendant includes the heightened PAGA penalty amount for subsequent violations without evidence that it received notice of an initial violation. "California law is clear that a 'subsequent violation' level applies only to violations after the employer is on notice that its continued conduct is unlawful. Until 'notified that it is violating a Labor Code provision (whether or not the Commissioner or court chooses to impose penalties), the employer cannot be presumed to be aware that its continuing underpayment of employees is a

- 10 -

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO REMAND TO STATE COURT**

'violation' subject to penalties." *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F.Supp. 3d 1062, 1067–68 (N.D. Cal. 2018) (quoting *Amaral,* 163 Cal.App.4th 1157, 1209; see *Snow v. United Parcel Serv., Inc.,* No. EDCV20025PSGAFMX, 2020 WL 1638250, at *4 (C.D. Cal. Apr. 1, 2020) ("[T]he statute, by its plain language, only authorizes a $1,000 penalty 'for each violation in a subsequent citation.' [Citation.] In short, without an initial citation, the increased penalties do not trigger."); *Willis v. Xerox Bus. Servs., LLC,* No. 1:13-CV-01353-LJO, 2013 WL 6053831, at *7 (E.D. Cal. Nov. 15, 2013) ("Defendant does not proffer any reason to believe that subsequent violation-penalties may be imposed.").

Here, Plaintiff's Complaint and LWDA Notice informing Defendant that its actions violated the Labor Code occurred on March 3, 2023. FAC ¶ 165 (ECF 1-2). Defendant has not offered any evidence to show that it was put on notice of its alleged violations before that date. Thus, Defendant's inclusion of the penalty rate for subsequent violations dating back to March 3, 2019, cannot be considered for purposes of calculating the amount in controversy.

    4. *Defendant improperly includes the LWDA's 75% share of penalties.*

Defendant includes 100% of PAGA penalties in its calculation of the amount in controversy even though 75% of the penalties go directly to the LWDA. PAGA specifically provides that "civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency for enforcement of labor laws, …; and 25 percent to the aggrieved employees." Cal. Lab. Code § 2699. The penalties apportioned to the LWDA may not be included in the amount in controversy. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013); *Steenhuyse,* 317 F. Supp. 3d at 1069 ("[T]he 75% share of any PAGA recovery to be paid to the LWDA should not be aggregated with plaintiff's 25% share to establish the amount in controversy threshold.").

- 11 -

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND TO STATE COURT**

As such, here, Defendant may include only Plaintiff's 25% portion of PAGA penalties in the amount in controversy.

5. *The maximum includable PAGA penalties equal $375.*

To the extent Defendant is permitted to base its asserted amount in controversy on penalties not included in its Notice of Removal, the calculation must be limited to: (1) the applicable one-year statute of limitations and the pay periods in which Plaintiff could have potentially suffered violations, i.e., six pay periods; (2) initial penalty rates; and (3) Plaintiff's 25% share of any recovery. Under this calculation, **the amount in controversy for PAGA penalties is $375.00**.[2]

**F. Defendant fails to support its inclusion of attorneys' fees in the amount in controversy.**

Defendant continues to assert that attorneys' fees for the entire putative class may be included in the amount in controversy. Importantly, however, Defendant fails to cite any authority that supports this position, nor does it provide any evidence to support the amount of attorneys' fees asserted.

Defendant instead tries to distinguish Plaintiff's binding Ninth Circuit authority on the basis that those cases were consumer class actions, not wage and hour class actions. See *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).[3] This is a distinction without a difference. The applicable attorneys' fees provisions in

---

[2] (Six pay periods * $250 penalty per pay period) – 75% = $375

[3] In his Motion to Remand, Plaintiff mistakenly cited *Kanter* for the proposition that attorneys' fees under Labor Code § 218.5 must be divided among all class members. The correct citation is *Magee v. Iconix Waterworks (US) Inc.*, No. 2:20-CV-00840-KJM-DB, 2020 WL 4188607, at *3 (E.D. Cal. July 21, 2020). Regardless, *Kanter* holds that "potential attorneys' fees award in this class action cannot be attributed solely to the named plaintiffs for purposes of amount in controversy." *Kanter*, 265 F.3d at 858.

*Gibson* and *Kanter*, like the attorneys' fees provisions in this case, award attorneys' fees to a "prevailing" or "successful" party. The substance of the underlying violations is not material.

Further, Defendant fails to address the authorities Plaintiff cites that deal directly with the Labor Code provisions at issue here. See *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850, fn.2 (Labor Code § 2699); *Perez v. WinnCompanies,* No. 14-cv-01497, 2014 WL 5823064, at *10 (E.D.Cal. 2014) (Labor Code § 1194); *Davenport v. Wendy's Co.,* No. 213CV02159-GEB-KJN, 2013 WL 68590009, at *2 (Labor Code § 226).

None of the cases on which Defendant relies stand for the proposition it advances. First, in *Swans v. Fieldworks, LLC*, No. 222CV07250SPGMRW, 2023 WL 196918, at *3 (C.D. Cal. Jan. 17, 2023), the defendant submitted evidence of the attorneys' fees it included in the amount in controversy. Further, the court did not address the aggregation of class fees. *Id.*

In contrast, here, Defendant has not provided any evidence to support its attorneys' fees calculation. And because "opinions do not bind with respect to issues that they do not address" (*United States v. Henderson,* 998 F.3d 1071, 1080 (9th Cir. 2021)), *Swans* does not support Defendant's argument that it may aggregate class fees.

Likewise, in *Bockrath v. Apartment Inv. & Mgmt. Co.,* No. CV2004179CJCPJWX, 2020 WL 3469265, at *2 (C.D. Cal. June 25, 2020), the court did not address the issue of aggregation of attorney's fees. Further, in that case, the court was not persuaded that $86,000 was a "reasonable estimate" of attorneys' fees for four plaintiffs in an employment action because; the court noted that, if it were, the district court have jurisdiction "over any case removed to federal court where the parties are completely diverse," which "simply can't be." *Id.* quoting *Visajnam v. Benihana Nat'l Corp.,* 2015 WL 11089753, at *3 (C.D. Cal. July 9, 2015).

- 13 -

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO REMAND TO STATE COURT**

Accordingly, again, this case does not stand for the proposition that Defendant asserts. In fact, *Bockrath* undercuts Defendant's argument by holding that attorneys' fees cannot be based on an assumption that the case will not settle early.

Finally, Defendant relies on *Sanchez v. Russell Sigler, Inc.,* No. CV1501350ABPLAX, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015), which dealt with jurisdiction under the Class Action Fairness Act ("CAFA"), not basic diversity jurisdiction. Under CAFA, aggregated attorneys' fees "may be included in determining the amount in controversy." *Id.* Accordingly, *Sanchez* is not applicable.

In sum, Defendant has provided no legal or factual basis on which the Court can find that $55,000 is a reasonable estimate of attorneys' fees for Plaintiff alone. Accordingly, dividing Defendant's estimate of $55,000 of attorneys' fees by 100 putative class members results in **$550** attributable to Plaintiff.

## III.   CONCLUSION

Because Defendant has failed to plausibly allege its citizenship and the amount in controversy does not meet the threshold for diversity jurisdiction, Plaintiff respectfully requests that this Court issue an Order remanding this action to the Superior Court of the State of California for the County of San Bernardino.

Dated: July 28, 2023                      DAVTYAN LAW FIRM

By:   */s/ Gregg Lander*
     Emil Davtyan, Esq.
     Gregg Lander, Esq.
     Vanessa M. Ruggles, Esq.
     Attorneys for Plaintiffs