1  Peter J. Woo (SBN 306083)
2  Vincent L. Chen (SBN 311883)
   **JACKSON LEWIS P.C.**
3  200 Spectrum Center Drive, Suite 500
   Irvine, California 92618
4  Telephone: (949) 885-1360
   Facsimile: (949) 885-1380
5  Peter.Woo@jacksonlewis.com
   Vincent.Chen@jacksonlewis.com

6  Attorneys for Defendant
   ARDENT MILLS, LLC
7

8  **UNITED STATES DISTRICT COURT**

9  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ARCEO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARDENT MILLS, LLC, a Colorado limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO.: 5:23-CV-01146-AB-E**<br><br>[*Assigned to District Judge Andre Birotte Jr.*]<br><br>**DEFENDANT'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND CASE TO SAN BERNADINO COUNTY SUPERIOR COURT**<br><br>[Filed Concurrently with Declaration of Vincent L. Chen and [Proposed] Order]<br><br>State Complaint Filed: March 3, 2023<br>State FAC Filed: May 16, 2023 |

**TO THE HONORABLE COURT, PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant ARDENT MILLS, LLC ("Defendant"), hereby applies, *ex parte*, pursuant to Local Rule 7-19, for an Order granting Defendant's *Ex Parte* Application for Leave to File a Sur-Reply in response to Plaintiff's Reply in Support of Motion to Remand Case to San Bernadino County Superior Court ("Reply"). Defendant submits that good cause exists for submitting this application *ex parte*.

Specifically, Plaintiff's Motion to Remand Case to San Bernadino County Superior Court ("Motion"), to which Defendant seeks leave to file a sur-reply, is set for hearing on August 11, 2023. Given this upcoming hearing, there is insufficient time for Defendant to file a motion to seek leave of the Court to file a sur-reply to be heard as a regularly noticed motion before the hearing on Plaintiff's Motion.

Pursuant to Local Rule 7-19.1, the undersigned counsel submits to have made reasonable, good faith efforts to advise Plaintiff's counsel, Gregg Lander, in writing and by telephone, of the substance of the proposed *ex parte* application. Specifically, the undersigned counsel emailed Plaintiff's counsel and called his office on August 1, 2023, to advise him of the substance of Defendant's proposed *ex parte* application. The parties could not reach an agreement, obviating the need for this Application. A copy of this email is attached to the Declaration of Vincent L. Chen filed concurrently herewith as Exhibit 1.

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. Introduction

Defendant respectfully asks this Court for leave to file a sur-reply to Plaintiff's Reply in Support of Motion to Remand Case to San Bernadino County Superior Court. Local Rule 7-10 permits the opposing party to file a response to a reply upon the Court's leave. Permitting the filing of a sur-reply is within the discretion of the district court. *Schmidt v. Shah*, 696 F. Supp. 2d 44, 59 (D.D.C. 2010) ("The decision to grant or deny leave to file a surreply is committed to the sound discretion of the court."). "[T]his discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 U.S. Dist. LEXIS 29357, at *1 (E.D. Cal. Nov. 8, 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). Since Plaintiff's Reply raises four new arguments that Plaintiff failed to raise in its Motion and because Defendant has discovered new facts regarding the diversity of the parties, Defendant respectfully requests that this Court grant leave to file a sur-reply.

## II. Plaintiff's Reply is Based on New Arguments Made for the First Time and Defendant Should be Granted Leave to File a Sur-Reply to Respond to these New Arguments

The Court should grant Defendant leave to file a sur-reply to address arguments raised for the first time in Plaintiff's Reply. When "new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (alterations in original) (internal citation omitted).

Here, Plaintiff makes the following arguments for the first time: (1) Defendant's clarification of Private Attorney General's Act ("PAGA") damages attributable to the amount in controversy is an improper attempt to add a new basis for reaching the amount in controversy and was not discussed in the Notice of Removal (Dkt. 14 8:8-28); (2) it is legally impossible for Plaintiff to recover damages in the form of PAGA penalties (Dkt. 14

9:1-28 & 10:1-19); (3) subsequent violations cannot be considered for purposes of calculating amount in controversy (Dkt. 14 10:20-28 & 11:1-15); and (4) Defendant may include only Plaintiff's 25% portion of PAGA penalties to the amount in controversy (Dkt. 14 11:16-27 & 12:1-2). Plaintiff had ample opportunity to raise these arguments in its Motion and failed to do so, leaving Defendant no opportunity to respond. These four new arguments warrant a focused sur-reply in order to give Defendant that opportunity.

### III. Defendant has Discovered New Facts Not Previously Known to Defendant at the Time of Opposition and Should be Granted Leave to File Sur-Reply to Include these Facts

Defendant has now discovered new facts and evidence regarding the citizenship of the corporations that are members of Ardent Mills, LLC. In considering whether to grant or deny a sur-reply, courts consider whether a party's sur-reply contains new facts or evidence. *See Brown v. Navy Fed. Credit Union*, 2018 US Dist LEXIS 91352 at *2, n1 (C.D. Cal. 2018) (the court declined to consider a party's sur-reply because, among other things, no new facts or evidence were offered in the party's sur-reply that was not included in the opposition). Here, Defendant has obtained the place of incorporation and the principal place of business for additional business entities. Since Defendant did not previously have access to or knowledge of this information, and because it is crucial to include it in the record, Defendant will be severely prejudiced and irreparably harmed if it is not granted leave to file a sur-reply in order to include this information.

### IV. Defendant's Counsel has Advised Plaintiff's Counsel of the Substance of This *Ex Parte* Application

Pursuant to Local Rule 7-19.1, I have made a reasonable, good faith efforts to advise Plaintiff's counsel, Gregg Lander, in writing and by telephone, of the substance of the proposed *ex parte* application. Specifically, I emailed Plaintiff's counsel on August 1, 2023, advising him of the substance of Defendant's proposed *ex parte* application. Declaration of Vincent Chen ("Chen Decl."), ¶ 3. I also called the telephone number below and spoke with Marissa Salinas, Plaintiff's counsel's Office Manager. She informed me

there was no way for me to contact Mr. Lander or leave him a voicemail. However, she would call him and email him regarding the substance of the proposed *ex parte* application. *Id.*, ¶ 4. Plaintiff's counsel subsequently informed me that he was unwilling to stipulate to the filing of a sur-reply. *Id.*, ¶ 5. A copy of this email is attached to the Declaration of Vincent L. Chen filed concurrently herewith as Exhibit 1.

Plaintiff's counsel's contact information is:

Gregg Lander
1635 Pontius Avenue, Floor 2
Los Angeles California, CA 90025
Telephone: (424) 320-6420
Email: Gregg@davtyanlaw.com

## V. Conclusion

In accordance with the above arguments, Defendant requests leave to file a ten (10) page Sur-Reply (excluding caption and signature pages) on August 4, 2023 after the Court grants leave or on another date set forth by the Court.

DATED:  August 1, 2023         JACKSON LEWIS P.C.


                               By: /s/ Vincent L. Chen
                                   Peter J. Woo
                                   Vincent L. Chen

                                   Attorneys for Defendant
                                   ARDENT MILLS, LLC

4871-5776-8564, v. 2