UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:23-cv-01146-AB-E | Date: | August 9, 2023 |
|---|---|---|---|

| Title: | *Jose Arceo v. Ardent Mills, LLC et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>GRANTING</u> PLAINTIFF'S MOTION FOR REMAND [Dkt. No. 10] and <u>DENYING</u> DEFEDANT'S EX PARTE APPLICATION TO FILE A SUR-REPLY [Dkt. No. 15]

Before the Court is Plaintiff Jose Arceo's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 10). Defendant Ardent Mills LLC ("Defendant") filed an opposition and Plaintiff filed a reply. Defendant also filed an Ex Parte Application to File Sur-reply ("Ex Parte Application," Dkt. No. 15) that Plaintiff opposed. The Court will resolve these matters without oral argument and therefore **VACATES** the August 11, 2023 hearing. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. Plaintiff's Motion for Remand is **GRANTED**. Defendant's Ex Parte Application is **DENIED**.

## I. BACKGROUND

Plaintiff filed this putative class action in state court, alleging state law wage and hour violations, and, in a First Amended Complaint, adding a claim for PAGA penalties. Defendant removed, invoking traditional diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Notice of Removal ("NOR," Dkt. No. 1) ¶ 7.

Plaintiff's Motion for Remand argues that Defendant failed to establish diversity of citizenship because it did not plausibly allege it own citizenship: Defendant is an LLC, but Defendant alleged its citizenship as if it were a corporation. Plaintiff also argued that Defendant failed to establish the amount in controversy.

After briefing closed, Defendant filed an Ex Parte Application to File a Sur-reply, and 2 days later, on August 4, 2023, without leave, filed the Sur-reply (Dkt. No. 17). The Court will address the Ex Parte Application first.

## II.   DEFENDANT'S EX PARTE APPLICATION IS <u>DENIED</u>

Defendant seeks leave to file a sur-reply, claiming that it needs to do so "[s]ince Plaintiff's Reply raises four new arguments that Plaintiff failed to raise in its Motion and because Defendant has discovered new facts regarding the diversity of the parties. . ." Ex Parte Appl. 3:12-14.

But the four new arguments that Defendant faults Plaintiff for raising the first time in his reply are merely responses to arguments that Defendant made for the first time in its opposition and failed to present in its NOR. Specifically, in its opposition, Defendant added PAGA penalties to its calculation of the amount in controversy. Defendant could have and should have included these amounts in its Notice of Removal, so that Plaintiff could have addressed them in his Motion, but Defendant did not, and instead sought to, in effect, amend its NOR. That Plaintiff did not address the PAGA claim in its Motion is due to Defendant failing to value the PAGA claim in its NOR. Plaintiff was not required to anticipate in its Motion that Defendant would, in its opposition, try to bolster its amount-in-controversy showing with claims that it did not initially value in its NOR. Plaintiff appropriately responded in his reply and did not expand the scope of the Motion beyond what Defendant put in issue in its opposition. An argument in a reply is not "new" if it simply responds to arguments asserted in opposition to a motion." *Laub v. Horbaczewski*, 2020 WL 5092452, at *1 (C.D. Cal. June 24, 2020) (sur-reply denied because "Defendants' Reply brief do[es] not present 'new' information, but respond[s] to arguments raised in Plaintiffs' Opposition"). Accordingly, Plaintiff's PAGA arguments do not entitle Defendant to file a sur-reply.

Nor do Defendant's "new facts" regarding the diversity of the parties warrant a sur-reply. The "new facts" that Defendant wishes to brief *concern its own citizenship*, in particular, "the citizenship of the corporations that are members of Ardent Mills, LLC." Ex Parte Appl. 4:10-11. But information about Defendant's

own citizenship is not new, because "a corporate defendant, like any other, is presumed to know its own citizenship." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014). The facts about its own citizenship that Defendant wishes to present are thus not new, even if Defendant failed to marshal them timely. Furthermore, that Defendant used the wrong standard in its NOR to allege its own citizenship suggests that Defendant should have been more careful to present complete information in its opposition. Instead, Defendant seems to have omitted some information from its opposition, and wants to correct this by filing a sur-reply. This is not good cause. Defendant's Ex Parte Application to File Sur-reply is therefore **DENIED**, and the sur-reply (Dkt. No. 17) is **STRICKEN**.

### III. PLAINTIFF'S MOTION FOR REMAND IS GRANTED

#### A. Legal Standard

A defendant may remove a civil action filed in state court to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[i]f it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 566–67. If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id.*

Jurisdiction based on diversity of citizenship requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a)(1).

#### B. Defendant Has Not Plausibly Alleged Complete Diversity

As noted above, in its NOR, Defendant alleged its citizenship as if it were a corporation. 28 U.S.C. § 1332(c)(1) (corporation has dual citizenship in state of incorporation and the state where it maintains its principal place of business). But Defendant is an LLC, and an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly allege diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

In its opposition, Defendant tried to correct this error, but apparently still left out some information concerning the citizenship of "additional business entities" that it sought to add through the sur-reply. But the Court is denying Defendant's Ex Parte Application to file that Sur-reply, so Defendant has not fully alleged the citizenship of all of its members, and has therefore failed to allege complete diversity. On this ground alone, the Motion to Remand is **GRANTED**.

### C. Defendant Has Not Established the Amount in Controversy

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[T]his includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

In determining the amount in controversy, courts first look to the allegations in the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). But "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" courts apply a preponderance of the evidence standard, which requires the defendant to provide evidence showing that it is more likely than not that the $75,000.00 amount in controversy is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas. Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[A] damages assessment may require a chain of reasoning that includes assumptions . . . [but] those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199.

In its opposition, Defendant presents the following estimates of the amount in controversy for each claim:

| Claim | Def's Estimated Amount in Controversy |
|---|---:|
| Unpaid Wages | $10,446.03 |
| Meal Premiums | $9,286.20 |
| Rest Premiums | $18,572.40 |
| Wage Statement Penalties | $1,150.00 |
| Waiting Time Penalties | $6,338.40 |
| PAGA Penalties (226.3) | $167,750.00 |
| PAGA Penalties (others) | $33,500 |
| Attorneys' Fees | $55,000 |
| **Total** | **$302,043.03** |

Not all of these amounts were included in the NOR, but the Court will "treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." *Willingham v. Morgan*, 395 U.S. 402, 407 n. 3 (1969); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("The district court did not err in construing Petsmart's opposition as an amendment to its notice of removal."). Nevertheless, the amounts Defendant proffers are inflated.

*Unpaid wages claim:* Defendant values this donning-and-doffing claim at $10,446.03 based on a 100% violation rate, even though the FAC alleges that this happened either "consistently" or "two or three times a week" (relating to lunch breaks). Defendant's 100% violation rate is an unreasonable assumption unsupported by evidence. By contrast, Plaintiff filed a declaration saying he was not paid for donning and doffing 5-10 minutes, 2-3 days per week, for a total of 60 minutes each week, resulting in an amount in controversy of $4,642.68.

*Meal Premiums:* Defendant uses a 50-60% violation rate. This is inflated and unsupported by the FAC, which alleges that Plaintiff was discouraged from taking breaks. Plaintiff points to at least one cases interpreting such allegations as implying a 20% violation rate, which works out to $3,714.48.

*Rest Premiums:* It appears that Defendant uses a 100% violation rate for rest premiums, which is not supported by the quoted paragraphs of the FAC, which alleges that the class members were "discouraged" from taking breaks as a matter of "company policy" and that they were not allowed to leave Defendant's facilities. FAC ¶¶ 90, 91. This does not equate to a 100% violation rate. Using the 20%

violation rate, this claim is valued at $3,714.48.

*Wage Statement Penalties, Waiting Time Penalties:* Plaintiff does not contest these valuations of $1,150.00 and $6,338.40, so the Court will accept them.

*PAGA Penalties (226.3)*: Defendant calculates this amount based on penalties accruing for 4 years worth of pay periods. But this is a gross overestimate because PAGA has a 1-year statute of limitations—a defense that Defendant has asserted in its Answer. *See* Answer (Dkt. No. 1-3). Furthermore, according to Plaintiff, he worked for Defendant for only six pay periods during the 1-year limitations period, so his penalty could only be for six pay periods. The Court also agrees with Plaintiff's argument that Defendant has not shown that the $1,000 penalty for "subsequent" violations applies, so the penalty is $250, totaling $1,500 for the six pay periods in issue here. And, although the Ninth Circuit has not squarely decided the issue, the Court will exclude from the amount in controversy the 75% of the PAGA penalty that will be paid to the California Labor Workforce Development Agency ("LWDA"). *See Steenhuyse v. UBS Financial Services, Inc.*, 317 F.Supp.3d 1062, 1068 (N.D. Cal. 2018) (discussing district court split on this issue). Accordingly, from this PAGA penalty, only 25%, or $375, will count towards the amount in controversy.

*PAGA Penalties (others):* Defendant addresses this perfunctorily in a footnote. *See* Opp'n fn. 8. And, these penalties appear to be subject to a 1-year limitation period, and Plaintiff worked for only 6 pay periods. Given Defendant's threadbare treatment of this claim, the Court will disregard its valuation.

*Attorneys' Fees:* Plaintiff seeks recovery of attorneys' fees pursuant to several Labor Code sections, so they count towards the amount in controversy. Defendant values attorneys' fees at $55,000, which is 100 hours billed at a blended rate of $550. This is the estimated fees counsel would accrue for the entire class action. But when "attorneys' fees are not awarded solely to the named plaintiffs in a class action [by the authorizing statute] they [ ] cannot be allocated solely to those plaintiffs for purposes of amount in controversy." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001). Plaintiff has pointed to several decisions applying this Ninth Circuit holding to Labor Code claims asserted herein. In response, Defendant cites three Central District cases for the proposition that Courts should *not* split attorneys' fees among several plaintiffs or all class members for purposes of deciding the amount in controversy. The Court has reviewed these cases, and simply stated, none of them actually decided this question, so they should not be taken to stand for this proposition. *See Guerrero v.*

*RJM Acquisitions LLC*, 499 F.3d 926, 938 (9th Cir. 2007) ("We are not required to follow what amounts to, at most, an implicit assumption, because '[s]uch unstated assumptions on non-litigated issues are not precedential holdings binding future decisions.'") (citations omitted); *Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."). And *Sanchez v. Russell Sigler, Inc.*, Case No. CV 15-01350-AB, 2015 WL 12765359 (C.D. Cal. Apr. 2015), which was decided by this Court, was removed under the Class Action Fairness Act ("CAFA") 28 U.S.C. §§ 1332(d), pursuant to which the amount in controversy is *the aggregate* of all class members' claims. Accordingly, in calculating the amount in controversy, the Court correctly (and without discussion) considered the entire fee for the whole class. This is not a CAFA case; Defendant removed based on traditional diversity. Defendant does not estimate the number of class members, but the FAC alleges that there at least 100 class members. *See* FAC ¶28(c). Accordingly, the Court will divide the $55,000 estimated attorneys' fee by 100, and attribute that amount—$550—to Plaintiff for purposes of calculating the amount in controversy.

The Court therefore calculates the amount in controversy to be **$20,485.04**:

| Claim | Amount in Controversy |
|---|---|
| Unpaid Wages | $4,642.68 |
| Meal Premiums | $3,714.48 |
| Rest Premiums | $3,714.48 |
| Wage Statement Penalties | $1,150.00 |
| Waiting Time Penalties | $6,338.40 |
| PAGA Penalties (226.3) | $375 |
| ~~PAGA Penalties (others)~~ | ~~$33,500~~ |
| Attorneys' Fees | $550 |
| **Total** | **$20,485.04** |

This amount is far below the jurisdictional threshold. Accordingly, Defendant has not shown by a preponderance of the evidence that the amount in controversy is satisfied. The Motion for Remand is **GRANTED** on this basis, too.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Ex Parte Application to File Sur-reply (Dkt. No. 15) is **DENIED**, and Defendant's unauthorized Sur-reply (Dkt. No. 17) is **STRICKEN**.

Defendant has failed to establish either complete diversity of the parties, or that the amount in controversy is satisfied. Accordingly, Defendant has failed to meet its burden of establishing diversity jurisdiction. Plaintiff's Motion for Remand is therefore **GRANTED**.

The Clerk of Court is **ORDERED** to immediately remand this action to the state court from which it was removed.

**IT IS SO ORDERED**.